Chancellor Rutledge
delivered the decreeof the Court.
The objects of this bill arc two fold.
1st. To set aside the agreement in the bill mentioned, upon the principle that it was, founded in mistake, viz.— That all the cases on the policies -were similarly circumstanced: Whereas the truth is, that they were materially *169 different, and evidence applied to that wbicb was tried, (to wit, Kirlte and Lukens’s case) would not apply to the complainants cases ; -nor would the court admit the evidence in favor of the complainants to be adduced, as they . , . J were not parties to the suit.
2nd. That this ■ court should set aside the policies for misrepresentation, or send the parties to law. Upon the hearing, the court were of opinion that from the words of the agreement, it was not so conclusively binding as to preclude an investigation of the question. It was therefore fully discussed, and a variety of contradictory testimony was adduced.
As there did not appear to be the smallest tincture of fraud in the case, which would give this court a concurrent jurisdiction with the court of law, and the question is simply a question of fact, whether the representation made to complainants was true or not, material or immaterial, which is properly triable by, a jury; as a court of law is the proper tribunal for cases of this kind, where they are uniformly tried, and complainants may there have complete and adequate remedy: This court would be cautious of encroaching on the jurisdiction of the other court.—
We will therefore direct an issue to try those facts : and that the proceedings in this case be given in evidence at the trial,.and continue the injunction in the mean time.
Chancellor Burke died in the summer of 1802 ; and William Bobein James, then Solicitor of the Northern Circuit, was elected Chancellor, and commissioned on the 14th December,, 1802. The Court then was constituted by Chancellors Rutledge, Marshall and James.